

# The Attorney General of Texas

May 20, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Ernie W. Tullis
Administrator
Texas Employment Commission
101 East 15th Street
Austin, Texas    78778

Opinion No.   MW-474

Re:  Proper method of financing unemployment benefits for former state employees

Dear Mr. Tullis:

You inquire as to the proper method of financing unemployment insurance benefits for ex-state employees. You state that the Texas Employment Commission believes that funding beyond the original legislative appropriations for the Unemployment Compensation Benefit Account for former state employees should come from funds collected by the comptroller from each state agency in reimbursement of unemployment benefits paid to the agency's ex-employees, a system of reimbursement contemplated by article V, section 55 of the current appropriations act. On the other hand, you state that the comptroller has failed to place such reimbursements in the Unemployment Compensation Benefit Account and that he insists that any additional funding of this account should come from Fund No. 165, a Special Administration Fund created by section 26 of the Texas Unemployment Compensation Act, codified as article 5221b-22a, V.T.C.S. [hereinafter these funds may be referred to as the "Benefit Account" and the "Administration Fund" respectively]. The Unemployment Compensation Benefit Account is established by the Texas Unemployment Compensation Act and designated by the commission as Fund No. 937. V.T.C.S. art. 5221b-7. You advise that the situation causing this disagreement developed in 1981.

In order to determine the proper method of additional funding of the Unemployment Compensation Benefit Account after the regular legislative benefit appropriation for such account becomes insufficient, we must consider various provisions of the Texas Unemployment Compensation Act under which, in 1972, the state elected to cover for unemployment insurance benefits all services performed in the employ of the state and to become a reimbursing employer. V.T.C.S. art. 5221b-22d.

The Unemployment Compensation Fund is administered by the commission in payment of benefits as provided in the act, from the Unemployment Compensation Benefit Account. Actually, such benefits

are not paid directly from this Benefit Account, but payments are made from this account to the Federal Trust Account in Washington, D.C., in reimbursement of the Federal Trust Account of all payments made by it as benefits to former Texas state employees.

Article 5221b-22a establishes a special fund, separate and apart from all public moneys or funds of this state as an Unemployment Compensation Special Administration Fund. As amended in 1979, it now provides that the commission may use this fund to pay costs of administering the act, including costs of reimbursing the Benefit Account for unemployment compensation benefits paid to former state employees which are based on service for the state, and the costs of construction and purchase of buildings and land necessary in such administration. Article 5221b-22a, as amended in 1979, further provides, among other things, that all interest and penalties collected under the provisions of the Texas Unemployment Compensation Act and all moneys now on deposit in the Unemployment Compensation Special Administration Fund shall be paid into the Unemployment Compensation Special Administration Fund established by that article. It also provides that the commission may, by resolution duly entered in its minutes, charge against said moneys any expenditures which it deems proper in the good administration of the act, provided the commission in such resolution finds that no other funds are available or can properly be used to finance such expenditures. Apparently, the fund designated in this article from which all moneys on deposit therein were transferred is a state treasury special fund established theretofore under the Unemployment Compensation Act.

As already stated, the Special Administration Fund is created by section 26 of the Texas Unemployment Compensation Act, and denominated as Fund No. 165 by the commission. After the amendment of article 5221b-22a in 1979, the article no longer provided a continuous appropriation of such funds as it did prior to amendment. However, a rider in the 1979 General Appropriations Act, provided that:

> [a]ll moneys granted to this state by the federal government for the administration of the Unemployment Compensation Act or which are now on deposit to the credit of any funds maintained by the state treasurer for the Texas Employment Commission and any moneys received for the credit of such funds are hereby appropriated for the purposes authorized by the... Texas Unemployment Compensation Act and/or for the purposes for which such moneys were granted. (Emphasis added).

Acts 1979, 66th Leg., ch. 843, art. III, at 2632. A similarly worded rider appears on page 3403, chapter 875 of the General Appropriations

Act for fiscal years 1982-1983. Acts 1981, 67th Leg., ch. 875, art. I, at 3403.

Considering the foregoing statutes in conjunction with the provisions of the appropriations bills enacted by the Sixty-seventh Legislature, it seems clear that reimbursements of the payment of unemployment benefits for former state employees is authorized to be made from the Special Administration Fund No. 165 from the moneys appropriated by the legislature for such purpose by the aforementioned appropriations bill riders. Article 5221b-22a expressly provides such authority.

Further, a rider to the 1981 General Appropriations Act provides as follows:

> a. At the close of each calendar quarter, the Texas Employment Commission shall prepare a statement reflecting the amount of unemployment benefits paid to all former State employees based on wages earned from State employment and present it to the Comptroller of Public Accounts, who is hereby directed to pay by warrant out of funds appropriated from the General Revenue Fund such amount to the Unemployment Compensation Benefit Account to reimburse it for such payments.
>
> The heads of State agencies, institutions, departments, commissions, boards, divisions, or other units of State government are directed to determine the proportionate amount of the reimbursement or payment due from funds other than General Revenue Funds and to present the Comptroller of Public Accounts a purchase or transfer voucher requesting reimbursement from such funds to General Revenue, and shall reimburse the General Revenue Fund with a check for funds not in the State Treasury. Such transfers and payments as are authorized under law shall be made periodically. The Comptroller of Public Accounts may prescribe accounting procedures and regulations to implement this section.
>
> b. An agency, institution, department, commission, board, division or other unit of State government is authorized to allocate funds to a revolving account created on its books to receive contributions from funds other than General Revenue based on a percentage-of-payroll assessment to be determined by such unit of

> government for the purpose of reimbursing the
> General Revenue Fund for unemployment benefits
> paid.

Acts 1981, 67th Leg., ch. 875, art. V, §55 at 3820-21. See also Acts 1979, 66th Leg., ch. 843, art. V, §57 at 2922-23.

A state agency as an employer under the Texas Unemployment Compensation Act is liable under article 5221b-5a to the reimbursement provisions as is any other reimbursing employer. . Article 5221b-5b(c)(2) provides that upon notice by the commission of delinquency in payment of reimbursements by a governmental employer, the comptroller shall pay a sum to the commission in the amount of the delinquency from any funds which would otherwise be due from the state to the delinquent governmental employer. You do not advise as to whether any such transfer of funds has occurred. The funds herein under consideration are funded periodically by appropriations from the state's general revenue and from the Federal Unemployment Trust Fund. You inform us that the lack of reimbursement of the Benefit Account from funds of the various participating state agencies results from the failure of the legislature to appropriate funds to individual agencies for such purpose. Cf. Acts 1981, 67th Leg., ch. 875, art. I, at 3403, 3406; Acts 1979, 66th Leg., ch. 843, art. III, at 2632, 2636 (specific appropriations to T.E.C. for Administration Fund).

The foregoing legislative actions created a system carefully designed to reimburse the expenditures of the Texas Employment Commission in paying unemployment benefits to which former state employees are entitled. Fund No. 937, the Unemployment Compensation Benefit Account, definitely appears to be the primary source from which benefit payments are to be made. This fund is designed to be replenished by periodically assessed reimbursements from the state agencies for the benefits received by their former employees. These reimbursements are to be collected by the comptroller and paid into such Benefit Account, which is under the general control of the Texas Employment Commission.

If this statutory system was fully implemented, this Benefit Account would seem to be self-sustaining with respect to its funds for the purpose of paying benefits. In practice, however, according to information submitted in connection with this opinion request, the Benefit Account is not self-sustaining, because no funds are appropriated to state agencies to use in reimbursing the expenditures of the Texas Employment Commission of sums paid into the Trust Fund in Washington, D.C., for benefits paid therefrom to their former employees. Reimbursements from these agencies would have to come from their funds which you state have already been appropriated for other state purposes. Consequently, as we are informed, the T.E.C. Benefit Account has been operating with a deficit the last few years due to

the lack of reimbursement from these agencies.  This deficit appears to have been partially remedied during this time by periodic legislative appropriations to the Benefit Account from the state's general revenue and funds transferred from the supplementary fund, Special Administration Fund No. 165.

This Administration Fund is funded by interest and penalties collected from the employers for infractions of the Unemployment Compensation Act, article 5221b-1, et seq., V.T.C.S., federal money grants and state general revenue appropriated by the legislature for payment of administrative expenses of the unemployment benefit program, including payment of the benefits themselves whenever necessary.  See V.T.C.S. art. 5221b-22a.  This supplementary function of the Administration Fund is further substantiated by the specific transfer appropriations by the legislature from this Administrative Fund to the Benefit Fund, General Appropriations Act, Acts 1981, Sixty-seventh Legislature, chapter 875, article I, at 3402, together with the generally worded appropriation of the balance of the Administration Fund for the purposes authorized by the Texas Unemployment Compensation Act, id. at 3403, and, more specifically, by the additional provision in article 5221b-22a that any expenditures from this Administrative Fund which the commission deems proper may be made upon a finding that no other funds are available or can properly be used to finance such expenditures.  Under the prevailing circumstances concerning the status of the Benefit Account, there is nothing in the statutes to prevent the commission from resolving that the only funds now available to finance such benefit payments are those contained in the Administrative Fund.  We caution, however, that any federal funds placed in Fund No. 165 may be used for the purposes authorized by article 5221b-22a, V.T.C.S., only where the terms of the grant permit their use for those purposes.  Cf. 42 U.S.C.A. §1103(c)(1), (2) (certain federal funds transferred to state for payment of benefits may be used for administrative expenses only where appropriation specifies amount for administrative expense).

We conclude, therefore, that benefits to former state employees may properly be financed from either or both of such funds during the fiscal lives of the 1980-1981 Appropriations Bill and the current 1982-1983 Appropriations Bill, although the funds of the Administration Fund should be used to reimburse or supplement the Benefit Account only when the funds in that account are found by the commission to be insufficient for such purposes.  In no instance is any state official involved authorized to draw, issue or honor for payment a warrant on any appropriation in the state treasury for any amount in excess of the amount then contained in such appropriated funds.  Tex. Const. art. VIII, §6.

## S U M M A R Y

Payments of unemployment benefits to former state employees entitled thereto are to be financed primarily from the Unemployment Compensation Benefit Account, designated as Fund No. 937. When such fund is exhausted or insufficient, it may be replenished for such purpose secondarily from the Special Administrative Fund, designated as Fund No. 165. In such cases, both funds are properly considered as being subject to the financing of benefit payments. No funds may be withdrawn from the state treasury in excess of the amount therein appropriated for the purposes for which the warrant is drawn.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Robert L. Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Robert L. Lattimore
Jim Moellinger